IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILLARD L. THOMAS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-3917 |
| | § | |
| BRAZOS COUNTY, | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the letter motion ("Motion to Amend") [Doc. # 24] filed by Plaintiff Hillard Thomas, pro se. Plaintiff seeks leave to file a Third Amended Complaint. Because the deadline for amendments to pleadings has expired and Plaintiff has failed to show good cause, the Court **denies** the motion.

Plaintiff, represented by counsel, filed this lawsuit on November 28, 2006, filed an Amended Complaint on January 8, 2007, and filed a Second Amended Complaint on February 1, 2007. Pursuant to the Docket Control Order [Doc. # 18] entered March 20, 2007, the deadline for amended pleadings was May 25, 2007. Plaintiff, pro se following his attorney's withdrawal from the case, filed the current Motion to Amend on July 25, 2007, two months after the deadline for amended pleadings.

Leave to amend after the deadline established in the Court's Docket Control Order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Federal Rule of

Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)).  The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'"  *Id.* at 546 (citing *S & W Enters.*, 315 F.3d at 535).

 In this case, Plaintiff's only explanation for the failure to seek leave to amend before the May 25, 2007, deadline is that he wanted his attorney to file the proposed complaint and the attorney would not do so.  Yet Plaintiff chose to continue with his attorney's representation and is bound by the decisions made prior to the attorney's withdrawal.  Plaintiff's explanation does not show good cause for the proposed amendment.

The importance of the proposed amendments is minimal. The Second Amended Complaint contains three clear, concise counts – a claim pursuant to 42 U.S.C. § 1981, a race discrimination claim pursuant to Title VII, and a Title VII retaliation claim. The proposed amended complaint is rambling and contains clearly extraneous material. Various counts of the seventeen Plaintiff seeks to include are frivolous, such as alleged violations of the Texas Penal Code which do not state a civil claim. Plaintiff also seeks to add claims that amount merely to subsidiary evidentiary arguments that Plaintiff contends are relevant to the three claims previously asserted.

The potential prejudice to Defendant if the requested late amendment were granted would be significant. The discovery deadline is only six weeks away, and all discovery thus far in the case has been directed to the three counts in the Second Amended Complaint. Although the Court could extend the discovery deadline, such an extension would not cure the prejudice of having to conduct substantial additional discovery, thus increasing the expense and delaying final resolution of this case.

Plaintiff has not shown good cause for the proposed late amendment. The importance of the amendment is minimal, while the potential prejudice to Defendant would be significant and could not be adequately cured by a continuance. As a result, the Court exercises its discretion to preserve the integrity and purpose of the docket control order, and it is hereby

**ORDERED** that Plaintiff's letter Motion to Amend [Doc. # 24] is **DENIED**.

SIGNED at Houston, Texas, this **31st** day of **July, 2007**.

                Nancy F. Atlas
                United States District Judge